**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Gerald A. Kilber, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:06-cv-049 |
| Warren Transport, Inc., and Melvin A. Blaisdell, | ) ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is a "Joint Motion to Change Venue to District of South Dakota, Northern Division," filed on June 20, 2006.

This action was initially commenced on or about May 11, 2006, in Brown County, South Dakota. On June 2, 2006, the Defendants removed the matter to Federal District Court in North Dakota. The parties are now requesting that the Court change the venue of the case to the District of South Dakota, Northern Division, Aberdeen, South Dakota. The parties recognize the matter was improperly removed.

It is well-established that a party may challenge the removal of an action as being improper or as having been made to the wrong district court if the case was removed to a district court other than that "embracing" the state court in which the action was brought. See Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 535 (6th Cir. 2002); PT United Can Co. v. Crown Cork & Seal Co., Inc., 128 F.3d 65, 72 (2d Cir. 1998); Crumrine v. NEG Micon USA, Inc., 104 F. Supp. 2d 1123, 1128 (N.D. Iowa 2000). In addition, a party may not attempt to cure the removal defect by requesting a change of venue. Id. However, a party may request a discretionary transfer to a more

1

convenient district court forum under the transfer provision of 28 U.S.C. § 1404(b).  Id.; see also Anderson v. Black & Decker Corp., A4-04-091, 2004 WL 2028025 (D. N.D. 2004).

Sections 1441(a) and 1446(a) clearly state that a defendant may remove a state court action to the federal district court embracing the place where the state court action was pending as opposed to where the events giving rise to the action occurred.  Thus, in this instance, removal to the District of North Dakota was clearly improper.  The action should have been removed to the District of South Dakota.  That being said, the Court agrees with the parties that a remand to state court is not the appropriate course of action.

Although it is clear a motion for a change of venue is not the appropriate method to remedy the improper removal, the Court will treat the parties' joint motion as a motion to transfer pursuant to 28 U.S.C. § 1404(b).  It is clear that the Court may, in the interests of justice, transfer an improperly removed case to any division in which it could have been brought.  See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); see also SWS Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494, n.3 (5th Cir. 1996) ("Error in the venue of a removed action does not deprive the district court of subject matter jurisdiction requiring the remand of the case.  When a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue.").

The Court has carefully reviewed the entire record and finds that the interests of justice are best served by transferring the action to the District of South Dakota, Northern Division, as the Defendants' procedural gaffe has not deprived the Court of subject matter jurisdiction.

The Court **GRANTS** the joint motion.  (Docket No. 4).  The Clerk of Court is directed to transfer the action to the District of South Dakota, Northern Division, located in Aberdeen, South Dakota.

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2006.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court